Jeffrey W. Dulberg (CA Bar No. 181200)
John W. Lucas (State Bar No. 271038)
Jeffrey P. Nolan (CA Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760
jdulberg@pszjlaw.com
jlucas@pszjlaw.com
jnolan@pszjlaw.com

Attorneys for Plaintiff, Bradley D. Sharp,
Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>    Debtor. | Case No. 23-10990-NB<br><br>Chapter 11<br><br>Adv No. 24-01140-NB |
| BRADLEY D. SHARP, Chapter 11 Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>LESLIE KLEIN, an individual, THE SECOND AMENDED KLEIN LIVING TRUST, a trust, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual,<br><br>    Defendants. | **PLAINTIFF'S UNILATERAL STATUS REPORT**<br><br>Date:     April 8, 2025<br>Time:    2:00 p.m.<br>Place:    Courtroom 1545<br>            255 E. Temple Street<br>            Los Angeles, CA 90012<br><br>Judge:   Hon. Neil W. Bason |

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, THE DEFENDANTS, PARTIES THAT HAVE FILED REQUESTS FOR SPECIAL NOTICE, AND OFFICE OF THE UNITED STATES TRUSTEE:**

Plaintiff, Bradley D. Sharp (the "*Plaintiff*"), the duly appointed and acting chapter 11 trustee (the "*Trustee*") in the above-captioned bankruptcy case of Leslie Klein (the "*Debtor*" or "*Klein*"), hereby submits this status report of events in this adversary proceeding.

4912-5768-4524.3 78512.001

1    The Trustee filed this adversary proceeding seeking to quiet title on, and obtain full value
2 from, the Debtor's unencumbered residence located at 322 N. June Street, Los Angeles, California
3 (the "***June St. Property***"), and to avoid any unrecorded transfers or other interests by virtue of
4 section 544(a)(3) of the Bankruptcy Code.

5    Defendants Leslie Klein (i.e. the Debtor), The Second Amended Klein Living Trust, The
6 Marital Deduction Trust of Erika Klein, The Survivor's Trust of Leslie Klein, and Barbara Klein
7 (collectively, the "***Defendants")*** contended that the Property is owned by the "Marital Deduction
8 Trust," which was purportedly established by the Debtor and his late spouse (Erika Klein) at the
9 time of her death; and that Barbara Klein, the Debtor's current spouse, holds a life-estate in the
10 Property. The Trustee and the Defendants were unable to resolve the matter and, after the
11 completion of discovery, the Trustee moved for summary judgment against the Defendants on all
12 counts.

13    On December 18, 2024, Judge Klein ruled from the bench and granted summary judgment
14 on all counts in the complaint. The Court entered an order on December 20, 2024, formally
15 granting the summary judgment motion in favor of the Plaintiff and against the Defendants,
16 finding that the June St. Property is property of the estate (and that the Debtor's living trust is
17 "self-settled" and the property therein is in fact property of the Estate) and that all of the
18 unrecorded interests or transfers were avoided. [Adv. Docket No. 62] (the "***Summary Judgment***
19 ***Order***").

20    On January 3, 2025, the Defendants appealed the Summary Judgment Order [Lead Case
21 No. 23-10990, Docket No. 67] to the Bankruptcy Appellate Panel (BAP Case No. 25-1002). The
22 Summary Judgment Order is not stayed and remains enforceable. Both the Trustee and the
23 Defendants have filed their opening briefs and excerpts of record. The deadline for the
24 Defendants to file their appellate reply brief is March 27, 2025.

25    **1.    The Turnover Motion**

26    On January 17, 2025, the Trustee filed a motion for turnover of the June St. Property (the
27 "***Turnover Motion***") [Lead Case No. 23-10990, Docket No. 890], which was heard on February
28 12, 2025, and approved by order entered on February 13, 2025 (the "***Turnover Order***") [Lead

Case No. 23-10990, Docket No. 923]. In deciding the Turnover Motion, the Court found that the Trustee holds the power to exercise or enforce all legal and equitable rights relating to the June St. Property, including all authority to perform all acts as its owner, such as memorializing the transfer of legal title of the Property from or to the Debtor's estate. Under the terms of the Turnover Order, the Debtor and all occupants of the Property were to have vacated and delivered possession of the Property to the Trustee no later than thirty (30) following entry of the Turnover Order, *i.e.*, March 17, 2025 (the "**Turnover Deadline**"). The Defendants failed to honor the terms of the Turnover Order.

On February 26, 2025, the Defendants appealed the Turnover Order [Lead Case No. 23-10990, Docket No. 939] to the Bankruptcy Appellate Panel (BAP Case No. 25-1037). The Turnover Order was not stayed and remains enforceable. On March 12, 2025, the Trustee and the Defendants entered into a stipulation which provided the Defendants with additional time to file their issues on appeal and designate the record on appeal. [Lead Case No. 23-10990, Docket No. 954]. On March 13, 2025, the Court entered an order approving the foregoing stipulation [Lead Case No. 23-10990, Docket No. 957].

As a result, the timeline for the appeal has been revised as follows: the Defendants' deadline to file issues on appeal and designate the record is March 27, 2025; the Plaintiff's deadline to counter-designate the record is April 10, 2025.

### 2. Turnover Enforcement Motion

Despite the Trustee's repeated sincere attempts to cooperate with and assist the Debtor in vacating the June St. Property, the Debtor's counsel confirmed in writing that the Debtor would not vacate the Property and that the Trustee needed to resort to the Court for additional relief.

Accordingly, on March 18, 2025, the Trustee filed a motion to enforce the turnover of the June St. Property to the Trustee (the "**Turnover Enforcement Motion**") [Lead Case No. 23-10990, Docket No. 962]. The Turnover Enforcement Motion seeks (a) to compel the Debtor and all occupants to vacate the Property, (b) to direct and authorize the United States Marshals Service, or any other law enforcement agency with jurisdiction, to enforce the Turnover Order to restore control and possession of the Property to the Estate and the Trustee, and (c) to authorize the

Trustee to remove any personal property left on the Property and to place such personal property in a storage unit that would then be made available to Debtor. The Turnover Enforcement Motion is scheduled for hearing on April 8, 2025.

### 3. Real Estate Broker Engagement

In connection with his duty to liquidate the June St. Property, the Trustee filed an application to employ Coldwell Banker (the "*Coldwell Banker Retention Application*") [Lead Case No. 23-10990, Docket No. 931] to market and sell the Property, to which an opposition was filed by the Debtor and Barbara Klein on March 5, 2025 [Lead Case No. 23-10990, Docket No. 944]. A hearing on the Coldwell Banker Retention Application is scheduled for May 27, 2025 [Lead Case No. 23-10990, Docket No. 946].

Dated:  March 25, 2025                                    PACHULSKI STANG ZIEHL & JONES LLP

By:    */s/ John W. Lucas*
      Jeffrey W. Dulberg
      John W. Lucas
      Jeffrey P. Nolan

Attorneys for Plaintiff, Bradley D. Sharp, Chapter 11 Trustee

4912-5768-4524.3 78512.001                                    4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*): **PLAINTIFF'S UNILATERAL STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **, March 25, 2025,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Simon Aron**    saron@wrslawyers.com, moster@wrslawyers.com
- **Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

- **John W Lucas**    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Jeffrey P Nolan**    jnolan@pszjlaw.com
- **Eric J Olson**    eric@ejolsonlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **March 25, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Leslie Klein
322 North June Street
Los Angeles, CA 90004

Leslie Klein & Associates, Inc.
c/o Leslie Klein
6454 Van Nuys Blvd. Suite 150
Van Nuys, CA 91401

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **March 25, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| **Via Email:**<br>Eric@EJOlsonLaw.com<br><br>Leslie Klein:  les.kleinlaw@gmail.com; leskleinlaw@gmail.com; kleinlaw@earthlink.net | **Via Email:**<br>Clarisse Young:  youngshumaker@smcounsel.com |
|---|---|

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 25, 2025 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

LA:4886-2212-5506.1 78512.001